DAVID H. KRAMER (CA SBN 168452)
dkramer@wsgr.com
KELLY M. KNOLL (CA SBN 305579)
kknoll@wsgr.com
WILSON SONSINI
   GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

LAUREN GALLO WHITE (CA SBN 309075)
lwhite@wsgr.com
WILSON SONSINI
   GOODRICH & ROSATI, P.C.
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94005-1126
Telephone: (415) 947-2000
Facsimile: (415) 947-2099

*Attorneys for Defendant*
**GOOGLE LLC**

KRISTIN A. LINSLEY (CA SBN 154148)
klinsley@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

*Attorney for Defendant*
**FACEBOOK, INC.**

SETH P. WAXMAN (*pro hac vice*)
seth.waxman@wilmerhale.com
PATRICK J. CAROME (*pro hac vice*)
patrick.carome@wilmerhale.com
ARI HOLTZBLATT (*pro hac vice*)
ari.holtzblatt@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

MARK D. FLANAGAN (CA SBN 130303)
mark.flanagan@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Defendant*
**TWITTER, INC.**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| MEHIER TAAMNEH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TWITTER, INC., et al., <br><br> Defendants. | CASE NO.: 3:17-CV-04107-EMC <br><br> **REPLY MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS TWITTER, INC., GOOGLE LLC, AND FACEBOOK, INC. TO STAY PROCEEDINGS** <br><br> Judge: Hon. Edward M. Chen <br><br> Hearing Date: Dec. 14, 2017 <br> Time: 1:30 p.m. |

**STATEMENT OF ISSUES TO BE DECIDED**

Whether the Court should stay this action and extend Defendants' time to respond to the Complaint until after the Ninth Circuit resolves *Fields v. Twitter*, 9th Cir. No. 16-17165.

**INTRODUCTION**

Plaintiffs' Opposition confirms the appropriateness of a stay pending the Ninth Circuit's decision in *Fields v. Twitter, Inc.*, 9th Cir. No. 16-17165. Plaintiffs do not dispute that a stay will conserve resources and avoid unnecessary duplication of argument, and they identify no prejudice that will result from a stay. Nor do they deny the myriad similarities—in both factual allegations and legal theories—between this case and *Fields*. Instead, Plaintiffs' Opposition rests on two purportedly "substantial[] and material[]" differences between the two cases. *First*, they point to their assertion that Section 230 of the Communications Decency Act ("CDA") somehow was abrogated by the Justice Against Sponsors of Terrorism Act ("JASTA"), Pub. L. No. 114-222, 130 Stat. 852 (2016). *Second*, they rely on their argument that Section 230 is inapplicable because Defendants supposedly created their own content by delivering targeted advertisements.

The fact that two of Plaintiffs' arguments for trying to evade Section 230 were not directly presented in *Fields* does not affect the appropriateness of a stay. This case raises precisely the same Section 230 and proximate cause issues as are presented in *Fields*, and any ruling from the Ninth Circuit in that case will bear directly on the outcome here. If the Ninth Circuit affirms Judge Orrick's ruling that Section 230 bars the Anti-Terrorism Act claims against Twitter in *Fields*, or his ruling that the *Fields* plaintiffs failed plausibly to allege proximate cause, those rulings would significantly streamline, if not obviate entirely, any further analysis from this Court. Such a ruling would leave Plaintiffs with, at most, a handful of marginal arguments to try to escape a controlling decision barring their core legal theory. And even if the result in the Ninth Circuit is not a complete affirmance, there is no question but that the decision would guide this Court's analysis in the present case. Judicial efficiency strongly favors allowing the parties and the Court to consider the effect of *Fields* before addressing the same issues here.

This conclusion is strengthened by the fact that the "new" arguments Plaintiffs intend to raise in this action are extraordinarily weak—and indeed both were rejected in a very recent and comprehensive ruling by Magistrate Judge Ryu in yet another case filed by Plaintiffs' counsel against Defendants. *See Gonzalez v. Google LLC*, 2017 U.S. Dist. LEXIS 175327 (N.D. Cal. Oct. 23, 2017). Plaintiffs' professed intention to present the same arguments to this Court does not warrant proceeding with this case while *Fields* is pending in the Ninth Circuit.

## ARGUMENT

### A. The Ninth Circuit's Decision in *Fields* Will Significantly Affect Further Litigation in This Case

Plaintiffs premise their Opposition on the contention that this case is "substantially and materially" different from *Fields*, despite the significant factual and legal overlap between the two cases. Opp. at 4, 5-10. They base this assertion solely on two "new" arguments they plan to make here that were not made in *Fields*—namely, that Section 230 of the CDA was impliedly repealed by JASTA, which added a secondary liability provision to the Anti-Terrorism Act, and that Section 230 is inapplicable because Defendants supposedly created their own content by delivering targeted advertisements.[1] Not only are these arguments patently without merit, as shown below, but they in no way change the fact that the Ninth Circuit's decision in *Fields* will significantly affect the briefing and, most likely, the outcome in this action.

As an initial matter, the apparent premise of Plaintiffs' position—that a stay is improper unless the two proceedings present identical issues—is incorrect. A stay based on pending parallel proceedings "does not require that the issues in such proceedings [be] necessarily

---

[1] Although Plaintiffs briefly reference their allegations of revenue sharing by Google as a third purported distinction (*see* Opp. at iii), they do not actually argue this point in the body of their brief, and therefore have waived the point. *E.g.*, *In re Apple iPhone 3G Prods. Liab. Litig.*, 859 F. Supp. 2d 1084, 1089 n.14 (N.D. Cal. 2012); *HomeAway Inc. v. City & Cty. of S.F.*, 2015 U.S. Dist. LEXIS 9912, at *32-33 (N.D. Cal. Jan. 27, 2015). In any event, the distinction is immaterial. Multiple courts have held that merely paying for content does not remove a computer service provider from Section 230 protection. *See Gonzalez*, 2017 U.S. Dist. LEXIS 175327, at *44-48 (citing *Blumenthal v. Drudge*, 992 F. Supp. 44, 52 (D.D.C. 1998)). Moreover, Plaintiffs' allegations of revenue sharing (Compl. ¶¶ 389-391, 421-437) are effectively identical to the allegations in *Gonzalez*—allegations that Judge Ryu found insufficient to state a claim. *See Gonzalez*, 2017 U.S. Dist. LEXIS 175327, at *44-48.

controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). What matters is whether there are significant factual and legal issues that overlap with the parallel action. *See, e.g.*, *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (affirming stay in light of overlap of factual and legal issues with those in parallel proceeding).

As Defendants demonstrated in their opening brief, that test clearly is met here. *See* Dkt. No. 40 at 6-10. The core legal theory presented in *Fields*—that Twitter is liable for causing an act of "international terrorism" because it supposedly failed to do enough to remove and block certain users and user-posted content from its service—is exactly the theory presented in this case. *See id.* at 7. And Defendants' central arguments against such liability—that Section 230 immunizes them against claims based on material posted by their users and that Plaintiffs have failed plausibly to allege proximate cause—are precisely the issues now before the Ninth Circuit in *Fields*.[2] *See id.* at 7-8. Plaintiffs cannot and do not deny that the pending appellate proceedings in *Fields* will result in a ruling that bears directly and substantially on this case. And no matter how the Ninth Circuit rules, this Court will benefit from having that decision before addressing the arguments for dismissal that Defendants plan to present. Under these circumstances, a stay pending the ruling in *Fields* will conserve resources, avoid duplication of argument, and result in a far more efficient presentation of issues to this Court.

Plaintiffs' intention to raise new arguments does not change this calculus, particularly given that those arguments are demonstrably without merit. The first "new" argument—that JASTA somehow impliedly repealed the immunity afforded by Section 230 (Opp. at 7-8)—was recently and squarely rejected by Magistrate Judge Ryu in *Gonzalez*. 2017 U.S. Dist. LEXIS 175327, at *13-21. If this Court reaches the same conclusion—a result that seems likely in light of the numerous flaws that Judge Ryu identified in the JASTA repeal argument—the issue before this Court will be identical to that in *Fields*: whether Section 230 bars claims predicated on

---

[2] Magistrate Judge Ryu specifically acknowledged the substantial similarity between *Gonzalez* and *Fields*, noting that "Plaintiffs' 'means rather than content' argument is nearly identical to the one advanced in *Fields*." *Gonzalez*, 2017 U.S. Dist. LEXIS 175327, at *32-33. That observation applies equally here.

allegations that Defendants materially supported acts of international terrorism by allegedly failing to prevent individuals associated with ISIS from using their online platforms to disseminate content.  There is no reason for this Court to weigh in on that issue in advance of a controlling decision from the Ninth Circuit.[3]

Plaintiffs' second "new" argument—that, by delivering targeted advertisements, Defendants create "composite content" that Plaintiffs claim is not protected by Section 230 (Opp. at 8-10)— is equally ineffectual and does not change the fact that the Ninth Circuit's decision in *Fields* will guide this Court in addressing Plaintiffs' claims here.  Notably, Plaintiffs' "composite content" argument also was squarely rejected in *Gonzalez*.  2017 U.S. Dist. LEXIS 175327, at *38-44.  As Judge Ryu explained, Plaintiffs' argument "finds no support in the case law" (*id*. at *39) and contradicts "controlling Ninth Circuit authority" holding that content development for purposes of Section 230 means "not merely … augmenting the content generally, but … materially contributing to its alleged unlawfulness." *Id.* (quoting *Fair Hous. Council v. Roommates.com, LLC*, 521 F.3d 1157, 1167-68 (9th Cir. 2008)).  Here, as in *Gonzalez*, "[Defendants'] ad pairings do nothing to enhance the unlawfulness of ISIS videos, encourage the posting of ISIS videos, or make posting ISIS videos easier." *Id.* at *44.  Accordingly, the analysis ultimately will turn on whether Section 230 protects Defendants against liability for the alleged harmful effects of third-party content posted on their sites, and whether the necessary causal link between Defendants' conduct and the alleged harm has been established—precisely the issues presented in *Fields*.

In the end, the purported "differences" between this case and *Fields* do not change the fact that the ruling there will directly and substantially affect the arguments and the decision in

---

[3] Nor does the fact that Plaintiffs here have asserted claims for aiding and abetting and conspiracy diminish the relevance of *Fields*.  As explained in Defendants' opening brief (Dkt. No. 40 at 8), and as the plaintiffs in *Fields* conceded, Section 230 applies equally to direct and secondary liability under the ATA.  *See Gonzalez*, 2017 U.S. Dist. LEXIS 175327, at *47-48 (Section 230 bars aiding and abetting claims); *Cohen v. Facebook, Inc.*, 252 F. Supp. 3d 140, 161 (E.D.N.Y. 2017) (same).

this case.  Accordingly, a stay will conserve this Court's and the parties' resources and enable efficient resolution of Defendants' motion to dismiss.

### B. Plaintiffs Identify No Prejudice From a Stay and Do Not Dispute That Defendants Would Face Hardship Absent a Stay

Plaintiffs barely even suggest that they will be harmed by a stay, aside from a passing and conclusory sentence at the end of their brief stating that "further wait and delay" will prejudice them.  Opp. at 11-12.  They offer no support for that assertion, which contradicts established law holding that "[a] mere delay in any eventual monetary recovery is not sufficient to require going forward where [a] threshold issue … can be conclusively resolved by waiting for the [Circuit Court] to rule."  *S.F. Tech., Inc. v. Glad Prods. Co.*, 2010 U.S. Dist. LEXIS 83681, at *11 (N.D. Cal. July 19, 2010) (granting stay where Plaintiff did "not argue that it will suffer any particular prejudice if the action is stayed"); *see also Pardini v. Unilever U.S., Inc.*, 2015 U.S. Dist. LEXIS 49752, at *3-4 (N.D. Cal. Apr. 15, 2015) (same).  That is especially true here, given that the oral argument in *Fields* is less than three weeks away, and any delay likely will be minimal.  Indeed, a stay will benefit Plaintiffs by allowing them to avoid unnecessary duplication and to conform to the Ninth Circuit's ruling.  *See Pardini*, 2015 U.S. Dist. LEXIS 49752, at *3-4 (granting stay where party opposing stay "will not be required to expend time or resources litigating this case until [pending parallel case] is decided").

Finally, Plaintiffs do not dispute that Defendants would be prejudiced absent a stay.  The only mention of this element in the Opposition is yet another reference to the supposed "novel and distinct differences" between this case and *Fields*.  Opp. at 11.  But that argument misses the point. Even accepting that Plaintiffs plan to present arguments that were not presented in *Fields*, Defendants still would have to expend significant resources litigating issues that are likely to be resolved or materially affected by the Ninth Circuit's ruling.  There is no reason to put Defendants to that burden, particularly given the policies underlying Section 230.  As the Ninth Circuit has explained, Section 230 is meant to protect providers of online platforms "not merely from ultimate liability, but [also] from having to fight costly and protracted legal battles."

1  *Roommates.com*, 521 F.3d at 1174-75.  Proceeding with this case before *Fields* is resolved would
2  undermine that policy.

3  **CONCLUSION**

4  Defendants respectfully request that the Court stay this action and extend Defendants'
5  time to respond to the Complaint until 45 days after the Ninth Circuit's mandate issues in *Fields*.

6

7  Dated:  November 21, 2017                           Respectfully submitted,

8

       /s/ Patrick J. Carome                                   /s/ Lauren Gallo White
9  SETH P. WAXMAN (*pro hac vice*)           LAUREN GALLO WHITE (CA SBN 309075)
   seth.waxman@wilmerhale.com                 lwhite@wsgr.com
10 PATRICK J. CAROME (*pro hac vice*)        WILSON SONSINI
   patrick.carome@wilmerhale.com                 GOODRICH & ROSATI, P.C.
11 ARI HOLTZBLATT (*pro hac vice*)           One Market Plaza
   ari.holtzblatt@wilmerhale.com              Spear Tower, Suite 3300
12 WILMER CUTLER PICKERING                   San Francisco, CA 94005-1126
      HALE AND DORR LLP                      Telephone:  (415) 947-2000
13 1875 Pennsylvania Avenue, NW              Facsimile:  (415) 947-2099
   Washington, D.C. 20006
14 Telephone:  (202) 663-6000                DAVID H. KRAMER (CA SBN 168452)
   Facsimile:  (202) 663-6363                dkramer@wsgr.com
15                                           KELLY M. KNOLL (CA SBN 305579)
   MARK D. FLANAGAN (CA SBN 130303)          kknoll@wsgr.com
16 mark.flanagan@wilmerhale.com              WILSON SONSINI
   WILMER CUTLER PICKERING                      GOODRICH & ROSATI, P.C.
17    HALE AND DORR LLP                      650 Page Mill Road
   950 Page Mill Road                        Palo Alto, CA 94304-1050
18 Palo Alto, CA 94304                       Telephone:  (650) 493-9300
   Telephone:  (650) 858-6000                Facsimile:  (650) 565-5100
19 Facsimile:  (650) 858-6100
                                             *Attorneys for Defendant*
20 *Attorneys for Defendant*                 **GOOGLE LLC**
   **TWITTER, INC.**
21                                                  /s/ Kristin A. Linsley
                                             KRISTIN A. LINSLEY
22                                              (CA SBN 154148)
                                             klinsley@gibsondunn.com
23                                           GIBSON, DUNN & CRUTCHER LLP
                                             555 Mission Street, Suite 3000
24                                           San Francisco, CA  94105-0921
                                             Telephone:        (415) 393-8200
25                                           Facsimile:        (415) 393-8306

26                                           *Attorneys for Defendant*
                                             **FACEBOOK, INC.**
27

28

ATTORNEY ATTESTATION

I, Lauren Gallo White, am the ECF User whose ID and password are being used to file this Reply Memorandum in Support of Motion of Defendants Twitter, Inc., Google LLC, and Facebook, Inc. to Stay Proceedings. In compliance with N.D. Cal. Local Rule 5-1(i)(3), I hereby attest that the concurrence in the filing of the document has been obtained from each of the other signatories.

By:  /s/ Lauren Gallo White
Lauren Gallo White

CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2017, I electronically filed the above document with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

By:  /s/ Lauren Gallo White
Lauren Gallo White